UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILU CHAVEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C ~~01280~~ 2180 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| RICHARD GUERRERO, CITY OF ) | |
| CHICAGO, and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On October 1, 2007, the Court granted a motion for judgment on the pleadings in favor of Defendant City of Chicago, and against Plaintiff Marilu Chavez on her claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). (R. 82, Min. Entry; R. 83, Order.) Presently before the Court is Defendant's bill of costs pursuant to Federal Rule of Civil Procedure 54(d). (R. 84, Def.'s Bill of Costs.) For the reasons stated below, the Court awards Defendant $5,546.30 in costs.

## BACKGROUND

The Court assumes familiarity with the facts of this case as outlined in its December 15, 2006 Memorandum Opinion and Order granting in part and denying in part Defendant's motion to dismiss. *See Chavez v. Guerrero*, 465 F. Supp. 2d 864, 866-68 (N.D. Ill. 2006). The facts are repeated here only as they pertain to this bill of costs. Around 8:30 a.m. on April 19, 2005, Plaintiff was involved in a traffic accident near the intersection of Walton and Leavitt Streets in Chicago, Illinois. (R. 21, Pl.'s Second Am. Compl. ¶ 8.) A police officer arrived at the scene and directed Plaintiff to proceed to the police station at 937 N. Wood Street to fill out a report. (*Id.*) At the police station, Plaintiff came into contact with Chicago police officer Richard Guerrero. (*Id.* ¶ 9.) Plaintiff alleged that after her initial contact with Officer Guerrero, he

accessed the police report regarding her accident and retrieved her phone number from the report. (*Id.* ¶ 11.) Plaintiff alleged that Officer Guerrero began harassing her both in person and over the telephone on numerous occasions while he was on duty. (*Id.* ¶¶ 12-15.)

Plaintiff reported the harassment to unnamed police officers at the police station who initially were uncooperative, but eventually referred her to Sergeant Marsala (first name unknown). (*Id.* ¶¶ 17-18.) Sergeant Marsala told Plaintiff he would report her complaint to his commander. (*Id.* ¶ 18.) After lodging her complaint, Plaintiff alleged that two unknown police officers came to her place of employment and took her to the police station, where she was detained for eight hours and prohibited from leaving. (*Id.* ¶¶ 22-24.) Plaintiff alleged that after this incident, she was continuously harassed by Chicago police officers. (*Id.* ¶ 30.) Plaintiff alleged that police cars followed her on several occasions and that garbage was thrown on her car several times, including around the time she was due to testify in a state criminal proceeding against Officer Guerrero. (*Id.* ¶¶ 30-35.) Officer Guerrero was ultimately found guilty of misdemeanor telephone harassment in state court and was sentenced to a year of court supervision. (*Id.* ¶ 37.) As a result of these events, Plaintiff claimed to have suffered mental and emotional damage, including fear, humiliation, anxiety, and lost enjoyment of life. (*Id.* ¶ 39.)

On April 19, 2006, Plaintiff brought this action against Defendant, Officer Guerrero, and unnamed defendants from the Chicago Police Department John Does 1-10. (R. 1, Compl.) Plaintiff's second amended complaint contained six counts: (1) in Count I, Plaintiff alleged that Officer Guerrero violated her constitutional rights to privacy and equal protection in violation of Section 1983; (2) in Count II, Plaintiff alleged that unknown police officers John Does 1-5 violated her constitutional rights to privacy and equal protection; (3) in Count III, Plaintiff alleged that unknown police officers John Does 6-10 violated her Fourth Amendment rights; (4)

in Count IV, Plaintiff brought a state law claim against Officer Guerrero for intentional infliction of emotional distress; (5) in Count V, Plaintiff brought a state law claim against Defendant for negligent supervision; (6) and in Count VI, Plaintiff brought a state law indemnification claim against Defendant. (R. 21, Pl.'s Second Am. Compl. ¶¶ 40-85.) On November 21, 2006, Plaintiff agreed to voluntarily dismiss Count V. (R. 42, Min. Entry.) On December 15, 2006, this Court granted Officer Guerrero's motion to dismiss Count I but denied the motion as to Count IV. (R. 45, Mem. Op. and Order.)

On June 19, 2007, Plaintiff moved for leave to file a third amended complaint, (R. 54, Pl.'s Mot. Leave Third Am. Compl.), and this Court denied the motion on July 5, 2007, (R. 42, Min. Entry). On August 30, 2007, Defendant filed a motion for judgment on the pleadings as to Counts II and III pursuant to Federal Rule of Civil Procedure 12(c). (R. 78, Def.'s Mot. J. on Pleadings.) On October 1, 2007, this Court granted Defendant's motion for judgment on the pleadings as to Counts II and III, and dismissed state law Counts IV and VI without prejudice, with leave to re-file in state court. (R. 83, Order at 2.)

On October 31, 2007, Defendant filed a bill of costs pursuant to Rule 54(d), originally seeking $6,413.50 in total costs (after correct calculations), (R. 84, Def.'s Bill of Costs), and an accompanying memorandum, (R. 85, Def.'s Mem.). Specifically, Defendant requested $157.80 for exemplification and copies of papers; $129.00 for witness fees; $1,111.00 for service of summons and subpoena fees; $662.50 for court reporter attendance fees; and $4353.20 for

deposition transcript costs.[1] (R. 84, Def.'s Bill of Costs at 1.) Plaintiff responded to Defendant's bill of costs on December 7, 2007, (R. 92, Pl.'s Resp.), and Defendant replied on December 12, 2007, (R. 94, Def.'s Reply). Defendant conceded costs for exemplification and copies of papers (now totaling $150.60 after correct calculations), key word indexes in deposition transcripts ($4.50, now bringing the total request for deposition transcripts to $4,348.70), witness fees (now totaling $120.00), and service of summons and subpoena fees (now totaling $278.00). (*Id.* at 2-5.) The following costs remain in dispute: (1) subpoena costs ($278.00); (2) transcripts costs, including condensed transcripts ($4,348.70); and (3) court reporter attendance fees ($662.50). (*Id.* at 1-5.) Defendant's bill of costs is presently before the Court.

## LEGAL STANDARD

Pursuant to Rule 54(d), "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court may not tax costs under Rule 54(d), however, "unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987)). The list of recoverable costs authorized under 28 U.S.C. § 1920 include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

---

[1] The Court notes that Defendant requests $5,015.70 for deposition transcript fees (after correct calculations). (R. 84, Def.'s Bill of Costs at 1.) The invoices Defendant submitted in support of its bill of costs show that $662.50 of the deposition transcript fees are court reporter attendance fees. (R. 85-3, Ex. A, Dep. Tr. Invoices at 10-11.) Therefore, the Court will subtract the court reporter attendance fees from the deposition transcript fee total in considering Defendant's bill of costs. Accordingly, the Court calculates the deposition transcript fees as $4,353.20.

4

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees . . . ; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . .

28 U.S.C. § 1920 (1)-(6).

Even if authorized by statute, however, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). In short, the determination of whether to tax costs against the losing party requires two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). Although there is a strong presumption that the prevailing party will recover costs, *Park v. City of Chi.*, 297 F.3d 606, 617 (7th Cir. 2002), the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). Once the prevailing party demonstrates that particular costs should be allowed, the losing party then bears the burden to affirmatively show that the taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Ultimately, the decision of whether to award costs is within the Court's discretion. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

## ANALYSIS

Plaintiff disputes Defendant's bill of costs based on the following reasons: (1) service of summons and subpoena fees and deposition transcript costs incurred by Defendant after October 11, 2006, are unreasonable and should not be allowed; and (2) even if costs incurred by

5

Defendant after October 11, 2006, are allowable, some fees are not recoverable or are unnecessary. (R. 92, Pl.'s Resp. at 2-3.) The Court addresses each of these arguments in turn.

**I.  Whether service of summons and subpoena costs and deposition transcript costs incurred by Defendant between October 11, 2006, and September 4, 2007, were reasonable and recoverable**

Plaintiff argues that costs for deposition transcripts ($4,348.70) and service of summons and subpoena ($278.00) incurred between October 11, 2006, the date Count I of the second amended complaint was dismissed, and September 4, 2007, the date the Court set the briefing schedule for Defendant's motion for judgment on the pleadings, were unnecessary to Defendant's motion for judgment on the pleadings and are therefore unrecoverable. (R. 92, Pl.'s Resp. at 2-3.) Defendant argues, however, that these costs were necessary because both parties were actively litigating the case at the time the depositions were taken and the subpoenas were served. (R. 94, Def.'s Reply at 2.) The Court will address each issue separately.

**A.  Deposition transcripts costs[2]**

The Seventh Circuit has held that fees for deposition transcripts "necessarily obtained for use in the case" are recoverable. *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014) (quoting 28 U.S.C. § 1920(2)). The determination of necessity must be made in light of the facts known at the time of the deposition, and "without regard to intervening developments that render the deposition unneeded for further use." *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond*

---

[2] Under Local Rule 54.1(b), "the costs of the transcript ... shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed[.]" N.D. Ill. L.R. 54.1(b). The Court notes that the rate in effect at the time the depositions were taken in this case was $3.30 for original transcripts, *See* N.D. Ill. General Order, September 24, 2002, and Defendant has complied with this rate in calculating its deposition transcript request, (R. 85-2, Ex. A, Dep. Tr. Rates at 5).

*Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)); *see also Majeske*, 218 F.3d at 825 ("[T]he introduction of testimony from a transcript is not a prerequisite for finding that it was necessary.").

In the instant case, the parties conducted discovery from February 27, 2007, (R. 50, Min. Entry), to August 6, 2007, (R. 70, Min. Entry). This Court gave the parties a deadline of September 6, 2007, to file any dispositive motions. (*Id.*) Plaintiff argues that the depositions were not necessary because they were not utilized in Defendant's motion for judgment on the pleadings. (R. 92, Pl.'s Resp. at 3.) The depositions were taken prior to the deadline to file dispositive motions and before this Court rendered a decision on Defendant's motion. (R. 85-3, Ex. A, Dep. Tr. Invoices at 10-17.) At that time, the parties were actively litigating this case, and Defendant contends that it would have used evidence gleaned from the depositions in a possible motion for summary judgment. (R. 94, Def.'s Reply at 2.) Instead of filing a summary judgment motion, however, Defendant moved for judgment on the pleadings as a result of this Court's denial of Plaintiff's motion for leave to file a third amended complaint that would have named the John Doe defendants. (R. 94, Def.'s Reply at 2.) If the Court had denied Defendant's motion, the parties conceivably could have proceeded to a trial. Defendant reasonably prepared for all contingencies by taking depositions in defense of its case. It is immaterial that the depositions were not actually utilized in Defendant's motion for judgment on the pleadings, as they were reasonably necessary at the time they were taken. *See Cengr*, 135 F.3d at 455. The Court recognizes that Defendant deposed Detective Robert Fujara after the motion for judgment on the pleadings was filed, (R. 85-3, Ex. A, Dep. Tr. Invoice at 16), but the Court finds that the deposition was still "reasonably necessary" at the time because it was taken prior to the Court issuing its ruling on Defendant's pending motion. Plaintiff has failed to assert any basis for this

Court to determine that the depositions were unnecessary at the time they were taken. Therefore, Plaintiff has not met her burden to demonstrate that the deposition costs are unrecoverable. *See Beamon*, 411 F.3d at 864. Accordingly, the Court finds that the deposition transcript costs incurred by Defendant were reasonably necessary, and thus the $4,348.70 is recoverable.

Plaintiff additionally argues that even if this Court determines that costs for depositions taken in this case are recoverable, costs for the depositions of Dr. Ebrahim Ghodsizadeh ($366.30), one of Plaintiff's treating physicians, and Renato Vaan DeWeil ($222.75), Plaintiff's boyfriend, should be excluded. (R. 92, Pl.'s Resp. at 4.) Specifically, Plaintiff contends that the depositions were unnecessary because Dr. Ghodsizadeh could only attest to issues related to damages, and thus his deposition was taken prematurely, and that Vaan DeWeil was deposed merely to "harass" Plaintiff. (*Id.* at 4-5.) Defendant argues that the depositions were necessary at the time they were taken, however, because Defendant planned to use the evidence in support of a summary judgment motion in the event this Court permitted Plaintiff to file a third amended complaint. (R. 94, Def.'s Reply at 5.)

Defendant deposed Vaan DeWeil on May 24, 2007, and Dr. Ghodsizadeh on May 31, 2007. (R. 85-3, Ex. A, Dep. Tr. Invoices at 14-15.) At this time, Plaintiff and Defendant were actively litigating the case in the midst of discovery. (*See* R. 50, Min. Entry.) After the depositions were taken, the Court denied Plaintiff's motion for leave to file a third amended complaint, on July 5, 2007. (R. 42, Min. Entry.) Defendant contends that the deposition of Vaan DeWeil was necessary because he was present for many of the incidents Plaintiff alleged in the complaint. (R. 94, Def.'s Reply at 5.) Further, Plaintiff alleged that she suffered emotional trauma, necessitating treatment by health care professionals, (R. 21, Pl.'s Second Am. Compl. at 8), and Defendant deposed Dr. Ghodsizadeh because he was Plaintiff's treating physician, (R.

94, Def.'s Reply at 4). The Court finds it eminently reasonable that Defendant deposed these two individuals to defend itself against Plaintiff's claims. In addition, Plaintiff offers no factual support for her claim that Defendant deposed Vaan DeWeil solely to harass Plaintiff. Therefore, Plaintiff fails to overcome the "strong presumption" in favor of awarding costs to the prevailing party. *See Park*, 297 F.3d at 617.

Accordingly, the Court finds that the depositions of Dr. Ghodsizadeh and Vaan DeWeil were necessary in light of the circumstances, and the Court will not deduct $589.05 from Defendant's bill of costs.

### B. Subpoena service fees

Defendant also seeks subpoena service fees totaling $278.00 for Plaintiff's medical records and other information. (R. 94, Def.'s Reply at 2; *see* R. 85-2, Ex. A, Subpoena Fees & Invoices at 3, 8-12, 14-15; R. 85-3, Ex. A, Subpoena Invoices at 1-3, 5-9.) Plaintiff argues that the subpoena service fees are unrecoverable because the subpoenas sought materials unnecessary to the Defendant's motion for judgment on the pleadings. (R. 92, Pl.'s Resp. at 2-3.) Similar to its argument regarding deposition transcript costs, Defendant argues that the medical records and other materials sought would have been utilized in a motion for summary judgment if Plaintiff had been permitted to file a third amended complaint. (R. 94, Def.'s Reply at 2.) Defendant argues that the subpoena fees are therefore necessary and recoverable. (*Id.*)

Subpoena fees are authorized by 28 U.S.C. § 1920(1). *See Republic Tobacco Co. v. North Atlantic Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007); *Little*, 514 F.3d at 701. In particular, "fees for subpoenaing medical records are allowable." *Dishman v. Cleary*, 279 F.R.D. 460, 467 (N.D. Ill. 2012); *see also Gillman v. Crown Equip. Corp.*, No. 95 C 1914, 1996 WL 556706, at *5 (N.D. Ill. Sept. 26, 1996) (same). The prevailing party must show "that the

9

requested costs were necessarily incurred and reasonable." *Cork Plastering Co.*, 570 F.3d at 906.

Here, all of the subpoenas were served prior to this Court's denial of Plaintiff's motion for leave to file a third amended complaint. (R. 85-2, Ex. A, Subpoena Fees & Invoices at 3, 8-12, 14-15; R. 85-3, Ex. A, Subpoena Invoices at 1-3, 5-9.) Defendant contends that it needed the materials it collected through subpoenas to prepare for filing a motion for summary judgment if this Court permitted Plaintiff to file a third amended complaint. (R. 94, Def.'s Reply at 2.) Defendant also argues that securing Plaintiff's medical records was necessary to defend against Plaintiff's intentional infliction of emotional distress claim. (R. 85, Def.'s Mem. at 5.) While Defendant has not provided a detailed rationale regarding the necessity of the subpoenaed materials, the Court concludes that the subpoena fees were "necessarily incurred." *Cork Plastering Co.*, 570 F.3d at 906.

In addition, the Court finds the subpoena fees reasonable, as the fee rate of $20-per-subpoena does not exceed the allowable rate of $45 in effect at the time the subpoenas were served. *See Revision to U.S. Marshals Serv. Fees for Servs.*, 73 Fed. Reg. 69552, 69553 (Nov. 19, 2008) (outlining the 2000 rates that remained in effect until 2008); *see also Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) (Permitting prevailing parties to "recover [subpoena service fees] that do not exceed the marshal's fees, no matter who actually effected service"). Therefore, Plaintiff has failed to demonstrate that the subpoena service fee costs are unrecoverable. *See Beamon*, 411 F.3d at 864. Thus, the Court will permit Defendant to recover $278.00 in subpoena service fees.

## II. Whether fees for deposition transcript copies are recoverable

In addition to the original transcript fees for Plaintiff and Officer Guerrero, Defendant also seeks fees for copies of their depositions. (R. 85-3, Ex. A, Dep. Tr. Invoices at 11-12.) The condensed transcript fees amount to $213.25, and Defendant has included them as part of the total costs for deposition transcripts. Defendant ordered these voluminous transcripts in a condensed format because the reduced number of pages made the transcripts "much more manageable" as exhibits. (R. 94, Def.'s Reply at 4.) Plaintiff argues that courts typically do not permit recovery of fees for condensed transcripts. (R. 92, Pl.'s Resp. at 5.) Defendant counters that Local Rule 54.1(b) permits fees for copies of transcripts.

Local Rule 54.1(b) provides that "only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." L.R. 54.1(b); *see also Cengr*, 135 F.3d at 456 (demonstrating that under rules promulgated by the Judicial Conference, prevailing parties are permitted to recover for both an original deposition transcript and a copy of the transcript). Plaintiff is correct that some courts have not permitted fees for condensed transcripts. *See Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002); *Winery v. City of Chi*, No. 96 C 1208, 2000 WL 1222152, at *3 (N.D. Ill. Aug. 22, 2000). Other courts in this District, however, have permitted recovery for condensed transcript costs, noting that under Local Rule 54.1 the losing party can be taxed for the cost of a deposition transcript plus one copy. *See Rexam Beverage Can Co. v. Bolger*, No. 06 C 2234, 2008 WL 5068824, at *8 (N.D. Ill. Nov. 25, 2008); *Angevine v. Watersaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, at *4 (N.D. Ill. Dec. 23, 2003).

11

In the instant case, similar to the prevailing parties in *Rexam* and *Angevine*, Defendant seeks to recover costs for a condensed transcript in lieu of a full-sized copy. Local Rule 54.1(b) entitles Defendant to a copy of each transcript for use by either counsel or the court. The Court finds it appropriate to award Defendant these costs on this basis alone. The fact that the transcripts are condensed is a cost-saving benefit to the Plaintiff, who was charged at a rate of $.25-$.50 per page, well below the rate of $.83 permitted for deposition transcript copies under Local Rule 54.1 in August 2007. *See* N.D. Ill. General Order, September 24, 2002; *Rexam*, 2008 WL 5068824, at *8. Accordingly, the Court will not deduct $213.25 from Defendant's deposition transcript fee request.

### III. Whether Defendant may recover fees for court reporter attendance

Defendant seeks court reporter attendance fees in the amount of $662.50. (*See* R. 85-3, Ex. A, Dep. Tr. Invoices at 10-11.) Plaintiff argues that court reporter attendance fees are not recoverable under 28 U.S.C. § 1920. (R. 92, Pl.'s Resp. at 5.) The Seventh Circuit has repeatedly upheld the awarding of court reporter attendance fees pursuant to 28 U.S.C. § 1920(2). *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *Finchum*, 57 F.3d at 534; *see also Extra Equips. E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) ("Since the [court] reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript."). Court reporter fees must be reasonable, and "[h]ourly fees in excess of $60.00 are ordinarily unreasonable." *Dishman*, 279 F.R.D. at 468, *see also Lewis v. City of Chi.*, No. 04 C 6050, 2012 WL 6720411, at *6 (N.D. Ill. Dec. 21, 2012) (Castillo, J.); *McCollough v. O'Neill*, No. 01 C 6510, 2003 WL 737847, at *2 (N.D. Ill. Feb. 28, 2003).

Here, Defendant submitted invoices for two depositions that specifically set forth court reporter attendance fees. (R. 85-3, Ex. A, Dep. Tr. Invoices at 10-11.) For Georgette LePage's deposition, the court reporter charged an hourly rate of $50.00 for 4.5 hours, for a total of $225.00. (*Id.* at 10.) For Plaintiff's deposition, the court reporter charged an hourly rate of $50.00 for eight hours. (*Id.* at 11.) The court reporter charged for an additional half hour at an increased hourly rate of $75.00 for working outside of regular business hours, adding $37.50 in fees, for a total of $437.50. (*Id.*) This additional half-hour charge employs a rate that is in excess of the permitted $60.00 hourly rate. *See Lewis*, 2012 WL 6720411, at *6 (allowing defendant to recover court reporter attendance fees at only a $60.00 hourly rate, not a $70.00 hourly rate). Therefore, the Court will recalculate the half hour of services at the $60.00 hourly rate, permitting the Defendant to recover $30.00 for this additional time. In total, the Court awards Defendant $655.00 in court reporter attendance fees.

## CONCLUSION

For the foregoing reasons, Defendant's bill of costs (R. 84) is GRANTED in part. Defendant is awarded $120.00 (witness fees) + $150.60 (exemplification) + $272.00 (subpoena fees) + $4,348.70 (deposition transcripts) + $655.00 (court reporter attendance fees), totaling $5,546.30 in costs taxable to Plaintiff.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: December 6, 2014**

13